21-2622-cv
Scism v. Ferris

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-two.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
MYRNA PÉREZ,
*Circuit Judges.*

------------------------------------------------------------------

CHRYSTAL SCISM, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF JOSHUA
SCISM,

*Plaintiff-Appellee*,

v. No. 21-2622-cv

DETECTIVE BRETT FERRIS,

*Defendant-Appellant.**

------------------------------------------------------------------

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLEE:        MARIE M. DuSAULT, Finkelstein & Partners LLP, Newburgh, NY

FOR DEFENDANT-APPELLANT:       GREGG TYLER JOHNSON, Johnson & Laws, LLC, Clifton Park, NY

Appeal from an order of the United States District Court for the Northern District of New York (Thérèse Wiley Dancks, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Detective Brett Ferris appeals from a September 29, 2021 order of the United States District Court for the Northern District of New York (Dancks, M.J.) denying his motion for summary judgment on the ground that he was entitled to qualified immunity. On June 13, 2016, Ferris, a member of the Schenectady Police Department who was preparing for an undercover drug buy, shot and killed Joshua Scism, a local resident who was not involved in the buy. Joshua Scism's wife, Chrystal Scism ("Plaintiff"), brought suit against Ferris, his colleague Detective Ryan Kent (who was present at the shooting), and the City of Schenectady (together, "Defendants") under 42 U.S.C. § 1983.[1] In October 2020,

---

[1] Plaintiff also initially brought claims against the "Schenectady Police Department," see App'x 488, but the parties subsequently stipulated that all claims against the

2

Defendants moved for summary judgment.  The District Court granted

Defendants' motion with respect to Plaintiff's <u>Monell</u>-based claim against the

City of Schenectady, as well as the claim against Kent, whom the court found

was entitled to qualified immunity, but it denied the motion with respect to

Plaintiff's excessive force claim against Ferris.  We assume the parties' familiarity

with the underlying facts and the record of prior proceedings, to which we refer

only as necessary to explain our decision to affirm.

Plaintiff argues that we lack jurisdiction to hear this appeal because

Ferris's "brief on appeal is replete with his own versions of the events and his

interpretations of the evidence."  Pl.'s Br. at 4 (quotation marks omitted).  We

have held that "[a] district court's denial of a claim of qualified immunity, to the

extent that it turns on an issue of law, is deemed an appealable 'final decision'

within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final

judgment."  <u>Lynch v. Ackley</u>, 811 F.3d 569, 576 (2d Cir. 2016) (quoting <u>Mitchell v.</u>

---

department would be discontinued, as it was "not a legal entity distinct from the City of Schenectady," <u>see</u> D. Ct. Dkt. No. 41.  In addition, the complaint initially included various state law claims, but these were also later dismissed pursuant to a stipulation by the parties, <u>see</u> D. Ct. Dkt. No. 19.

Forsyth, 472 U.S. 511, 530 (1985)). "[A]s long as the defendant can support an immunity defense on stipulated facts, facts accepted for purposes of the appeal, or the plaintiff's version of the facts that the district judge deemed available for jury resolution, an interlocutory appeal is available to assert that an immunity defense is established as a matter of law." Id. (quotation marks omitted). We thus have jurisdiction over the appeal so long as we base our analysis not on any disputed facts that may appear in Ferris's brief "but on an independent review of the record, including the district court's explanation of facts in dispute." Lennox v. Miller, 968 F.3d 150, 154 n.2 (2d Cir. 2020).

We therefore turn to the District Court's denial of Ferris's summary judgment motion based on a defense of qualified immunity, which we review de novo. See Jones v. Parmley, 465 F.3d 46, 55 (2d Cir. 2006). To determine whether a public official is entitled to qualified immunity, which shields federal and state officials from money damages, "[t]he dispositive inquiry 'is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Vasquez v. Maloney, 990 F.3d 232, 237–38 (2d Cir. 2021) (quoting Hernandez v. Mesa, 137 S. Ct. 2003, 2007 (2017)). "Defendants moving for

4

summary judgment on the basis of qualified immunity bear the burden of demonstrating that no rational jury could conclude (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Vasquez, 990 F.3d at 238 (quotation marks omitted); see also id. (explaining when a right is clearly established).

Ferris argues that the undisputed facts make clear that he reasonably believed that his life was in danger when he shot Scism and that his actions were therefore objectively reasonable. See Cowan ex rel. Est. of Cooper v. Breen, 352 F.3d at 756, 762 (2d Cir. 2003). The record, however, is filled with disputes as to material facts. And Ferris's brief does at times "treat[] disputed facts . . . as undisputed," Lennox, 968 F.3d at 154 n.2 — such as when he asserts that Scism "brandished a loaded handgun" and "ignored police commands," Def.'s Br. at 29, 41, facts that Plaintiff's evidence disputes. Given these factual disputes, we are unable to reach a conclusion based on "stipulated facts, facts accepted for purposes of the appeal, or the plaintiff's version of the facts that the district judge deemed available for jury resolution," Lynch, 811 F.3d at 576 (quotation marks omitted), whether "it would be clear to a reasonable officer [in Ferris's shoes]

that his conduct was unlawful in the situation he confronted," Vasquez, 990 F.3d at 238 (quotation marks omitted). We conclude that, given the version of the full encounter advanced by Plaintiff's witnesses, Ferris cannot at this stage meet "the burden of showing that [his decision to use lethal force] was objectively reasonable in light of the law existing at that time." Id. at 238 n.5 (quotation marks omitted).

We therefore agree with the District Court that summary judgment must be denied. Although the question of qualified immunity cannot be resolved at this stage, Ferris will have the opportunity to pursue this argument as the case proceeds to trial. We note that although the jury must resolve the factual disputes concerning both excessive force and qualified immunity, "the qualified immunity issue is a question of law better left for the court to decide." Cowan, 352 F.3d at 764 (quotation marks omitted). If the jury finds that Ferris used excessive force against Scism, "the court should then decide whether [Ferris] is entitled to qualified immunity," aided by interrogatories that present the key factual disputes to the jury. Id.

We have considered Ferris's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court